**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x

JUDITH STRICKLAND, Derivatively On Behalf of   )    10-cv-05445-MGC
Nominal Defendant CHINA NORTH EAST         )
PETROLEUM HOLDINGS LIMITED,             )    ECF Case
                                       )
            Plaintiff,               )
                                       )
          v.                    )
                                       )
WANG HONGJUN, YU LIGUO, ROBERT C. BRUCE,   )
EDWARD M. RULE, LI JINGFU, ZHANG YANG DIO,   )
JU GUIZHI,                         )
                                       )
           Defendants,             )
                                       )
          - and –               )
                                       )
CHINA NORTH EAST PETROLEUM HOLDINGS     )
LIMITED,                          )
                                       )
            Nominal Defendant.    )

———————————————————————X

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT ROBERT C. BRUCE'S MOTION TO DISMISS**

DEBEVOISE & PLIMPTON LLP

Edwin G. Schallert
Katherine H. Worden
919 Third Avenue
New York, NY 10022
(212) 909-6000 (phone)
(212) 909-6836 (fax)
egschall@debevoise.com
khworden@debevoise.com

*Attorneys for Defendant Robert C. Bruce*

April 20, 2011

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................... 2

ALLEGATIONS OF THE COMPLAINT.......................................................... 2

ARGUMENT ........................................................................................................ 4

I.    Plaintiff Has Failed to State a Claim For Breach of Fiduciary Duty ......................... 4

   A.    The Claim Based on Disseminating False and Misleading Information
(Count I) Should be Dismissed ...................................................................... 6

   B.    The Claim Based on Failing to Maintain Internal Controls (Count II)
Should be Dismissed....................................................................................... 7

   C.    The Claim Based on Failure to Properly Oversee and Manage the
Company (Count III) Should be Dismissed.................................................... 9

   D.    The Claims for Abuse of Control (Count V), Gross Mismanagement
(Count VI), and Waste of Corporate Assets (Count VII) Should be Dismissed .......... 10

II.    Plaintiff Has Failed to State a Claim for Unjust Enrichment (Count IV)................. 12

CONCLUSION.................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

Cases

*Aetna Casualty and Surety Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566 (2d Cir. 2005) ...............................................................................................................5

*Brehm v. Eisner*, 746 A.2d 244, 262 (Del. 2000) .......................................................11

*Clark v. Lacy*, 376 F.3d 682 (7th Cir. 2004)...............................................................10

*Desimone v. Barrows*, 924 A.2d 908 (Del Ch. 2007) ...................................................8

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983)......................................................................................................................4

*Fosbre v. Matthews*, 3:09 Civ. 0467, 2010 WL 2696615 (D. Nev. July 2, 2010).....................................................................................................4, 8

*G.K. Las Vegas Limited P'ship v. Simon Property Group, Inc.*, 460 F.Supp.2d 1262 (D. Nev. 2006) ..............................................................................................12

*Henneberry v. Sumitomo Corp. of Am.*, 415 F.Supp.2d 423 (S.D.N.Y. 2006)...............................................................................................................5

*In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106 (Del. Ch. 2009)...........10

*In re Intel Corp. Derivative Litig.*, 621 F.Supp.2d 165 (D. Del. 2009) .........................9

*In re Keithley Instruments, Inc. Derivative Litig.*, 599 F.Supp.2d 875 (N.D. Ohio 2008) ...................................................................................................................10

*In re Las Vegas Sands Corp. Derivative Litig.*, Nos. A576669, A580258, A582074, 2009 WL 6038660 (Nev. Dist. Ct. Nov. 4, 2009)..................................10

*In re Lear Corp. S'holder Litig.*, 967 A.2d 640 (Del.Ch. 2008)................................9, 12

*In re Symbol Tech. Sec. Litig.*, 762 F. Supp. 510 (E.D.N.Y. 1990)...............................12

*Lemond v. Manzulli*, 05 Civ. 2222, 2009 WL 1269840 (E.D.N.Y. Feb. 9, 2009)........................................................................................11

*Malone v. Brincat*, 722 A.2d 5 (Del. 1998) .................................................................6

*McCrae Assocs., LLC v. Universal Capital Mgmt., Inc.*, 746 F. Supp. 2d 389 (D. Conn. 2010)...........................................................................................................12

*Srebnik v. Dean*, 05-cv-01086, 2006 WL 2790408 (D. Colo. Sept. 26, 2006).............10

23414873v1

*Steinman v. Levine*, No. Civ. A. 19107, 2002 WL 31761252 (Del. Ch. Nov. 27, 2002) ........................................................................................................................6

*Stone v. Ritter*, 911 A.2d 362, 369 (Del. 2006) ...........................................................9

**STATUTES**

Nev. Rev. Stat. § 78.015(1)(a) ........................................................................................4

Nev. Rev. Stat. § 78.138(7)........................................................................................2, 4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 9(b) ..........................................................................2, 5

iii

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————x

| | |
|---|---|
| JUDITH STRICKLAND, Derivatively On Behalf of Nominal Defendant CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, ) ) ) | 10-cv-05445-MGC |
| ) | ECF Case |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WANG HONGJUN, YU LIGUO, ROBERT C. BRUCE, EDWARD M. RULE, LI JINGFU, ZHANG YANG DIO, JU GUIZHI, ) ) ) | |
| ) | |
| Defendants, ) | |
| ) | |
| - and – ) | |
| ) | |
| CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, ) ) | |
| ) | |
| Nominal Defendant. ) | |

————————————————————————X

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT ROBERT C. BRUCE'S MOTION TO DISMISS**

Defendant Robert C. Bruce submits this memorandum in support of his motion to

dismiss the Verified Amended Shareholder Derivative Complaint (the "Complaint")

pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).  Mr. Bruce is a former

director and chair of the Audit Committee of China North East Petroleum Holdings

Limited ("China North").

## PRELIMINARY STATEMENT

The Complaint in this shareholder derivative lawsuit purports to bring claims on behalf of China North against Mr. Bruce for breach of fiduciary duty (also styled as abuse of control, gross mismanagement, and waste of corporate assets) and unjust enrichment. Plaintiff's claims cannot stand.  The breach of fiduciary duty allegations fall far short of the applicable standards set by Nevada law and Federal Rule of Civil Procedure 9(b). The Complaint lacks the particularized allegations required to overcome the presumption that Mr. Bruce properly exercised his business judgment and to plead "intentional misconduct, fraud or a knowing violation of the law."  Nev. Rev. Stat. § 78.138(7). Indeed, the factual allegations against Mr. Bruce support a conclusion that he fulfilled his fiduciary duties.  Additionally, the Complaint contains no factual allegations against Mr. Bruce that would sustain a claim for unjust enrichment.   Accordingly, the Complaint against him should be dismissed in its entirety.[1]

## ALLEGATIONS OF THE COMPLAINT

The Complaint alleges that defendants engaged in an "illicit scheme" by which China North (i) misstated its proved oil reserves, Compl. ¶ 5A; (ii) failed to account for certain warrants in accordance with GAAP, Compl. ¶ 5B; (iii) as a result of the foregoing, overstated earnings and profits, Compl. ¶¶ 5C, 5D; and (iv) misrepresented the state of China North's internal controls.  Compl. ¶ 5E.  Plaintiff alleges that this "scheme first began to unravel" on February 23, 2010 when China North disclosed that it would have

---

[1]   Mr. Bruce joins and incorporates by reference the additional grounds for dismissal of the Complaint contained in China North's motion to dismiss.

to restate its financial statements for the fiscal year ended December 31, 2008, and the first three quarters of 2009. Compl. ¶ 6. Following this disclosure, it was discovered that bank transfers occurred from China North's bank accounts to the personal bank accounts of Defendants Wang and Ju. Compl. ¶ 7.

The Complaint generally alleges that the Defendants breached their fiduciary duties, breached China North's Code of Conduct and breached China North's Corporate Governance Guidelines by "causing or allowing the Company to disseminate to China North shareholders materially misleading and inaccurate information," Compl. ¶ 149, "willfully ignor[ing] the obvious and pervasive problems with China North's internal controls," Compl. ¶ 153, and "failing to properly oversee and manage the company," Compl. ¶¶ 155–60.

Mr. Bruce was a director and Chairman of the Audit Committee of China North from May 2008 until he resigned in August 2010. Compl. ¶ 39. A forensic audit "conducted at the direction" of Mr. Bruce to investigate bank transfers between China North and its executives "identified major internal control deficiencies at China North, as well as possible violations of GAAP (in addition to those already identified in connection with the restatement), and the FCPA." Compl. ¶¶ 11, 15. After receiving the forensic audit report, Mr. Bruce, in a letter dated July 22, 2010, "urged his fellow directors on the Board to properly inform themselves and further investigate the serious issues raised in the JLA Report regarding, *inter alia*, whether payments had been made to government officials in violation of the FCPA, and whether other violations of GAAP had occurred, in addition to those issues identified in connection with the pending restatement."

23414873v1

Compl. ¶ 16.  Following the Chairman of the Board's "reject[tion] of all of the demands made by [Mr.] Bruce," Mr. Bruce resigned.  Compl. ¶¶ 17, 18.

## ARGUMENT

**I.     Plaintiff Has Failed to State a Claim For Breach of Fiduciary Duty**

The breach of fiduciary duty claims are insufficient because the Complaint fails to plead with particularity that Mr. Bruce engaged in "intentional misconduct, fraud, or a knowing violation of the law," as required under Nevada law.  Nev. Rev. Stat. § 78.138(7).  "Nevada law statutorily exculpates directors and officers from personal liability for breach of fiduciary duty unless the act or failure to act constituting the breach 'involved intentional misconduct, fraud or a knowing violation of the law.'"  *Fosbre v. Matthews*, 3:09 Civ. 0467, 2010 WL 2696615, at *6 (D. Nev. July 2, 2010).  Nevada law governs the cause of action asserted here because China North is a Nevada corporation. Nev. Rev. Stat. § 78.015(1)(a) ("The provisions of this chapter apply to Corporations organized in this State…."); *see also First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 621 (1983) ("[T]he law of the state of incorporation normally determines issues relating to the *internal* affairs of a corporation.  Application of that body of law achieves the need for certainty and predictability of result while generally protecting the justified expectations of parties with interests in the corporation.") (emphasis supplied).

Under Nevada law, Plaintiff is "required to plead particularized facts supporting the notion that the directors were conscious of the fact that they were not doing their jobs."  *Fosbre*, 2010 WL 2696615, at *6 (citation and quotation marks omitted).  Plaintiff

4

has failed to allege that Mr. Bruce consciously disregarded or violated his duties as a director.  Indeed, the only facts alleged against Mr. Bruce indicate that he was upholding his fiduciary duties in good faith.  The Complaint alleges Mr. Bruce commissioned and supervised the forensic audit by JLA, "urged his fellow directors on the Board to properly inform themselves and further investigate the serious issues raised in the JLA Report," and resigned in response to a letter from China North's Chairman of the Board, who refused to undertake the additional investigation recommended by Mr. Bruce.  Compl. ¶¶ 11, 16-18.

Plaintiff has similarly failed to state a claim under the heightened pleading standard articulated by Federal Rule of Civil Procedure 9(b).  "Rule 9(b)'s heightened pleading standard applies to breach of fiduciary duty claims where the breach is premised on the defendant's fraudulent conduct…."  *Henneberry v. Sumitomo Corp. of Am.*, 415 F.Supp.2d 423, 464 (S.D.N.Y. 2006).  Plaintiff has premised her claims on a fraudulent "scheme" engaged in by the Defendants.  *See* Compl. ¶¶ 5, 6, 20, 78, 142, 172.  Because Plaintiff must meet the strict standard Nevada imposes for breach of fiduciary duty claims by pleading "intentional misconduct, fraud or a knowing violation of the law,"  the heightened pleading requirement of Rule 9(b) applies.  *Cf. Aetna Casualty and Surety Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 583 (2d Cir. 2005) (holding claim of negligent misrepresentation "must be pled in accordance with the specificity criteria of Rule 9(b).")

A close examination of the Complaint's allegations concerning "Defendants' Specific Breaches of Their Duties" reveals that Mr. Bruce does not belong in this lawsuit.

*See* Compl. ¶ 142.  Most of the allegations tend to exonerate Mr. Bruce of any wrongdoing.  Accordingly, the claims for breach of fiduciary duty should be dismissed against Mr. Bruce.

### A.   The Claim Based on Disseminating False and Misleading Information (Count I) Should be Dismissed

The Complaint alleges that the Defendants violated their fiduciary duties by "causing or allowing the Company to disseminate to China North shareholders materially misleading and inaccurate information…."  Compl. ¶ 149.  However, the Complaint lacks any facts to suggest Mr. Bruce had knowledge, or reason to know, that any such statement was false or misleading at the time it was made, so the allegations do not rise to the level of "intentional misconduct, fraud, or knowing violation of the law."

The mere allegation that a company has issued a false or misleading statement does not mean that its directors have breached their fiduciary duties.  No such strict liability legal scheme exists.  *See, e.g.*, *Malone v. Brincat*, 722 A.2d 5, 9 (Del. 1998) ("[D]irectors who **knowingly** disseminate false information that results in corporate injury or damage to an individual stockholder violate their fiduciary duty….") (emphasis added); *Steinman v. Levine*,  No. Civ. A. 19107, 2002 WL 31761252, at *13 (Del. Ch. Nov. 27, 2002) ("To successfully state a duty of loyalty claim against directors for providing information in the absence of a request for stockholder action, a stockholder must allege he received 'false communications' from directors who were 'deliberately

6

misinforming shareholders about the business of the corporation.'") (quoting *Malone*,

722 A.2d at 14), *aff'd*, 822 A.2d 397 (Del. 2003).[2]

### B.   The Claim Based on Failing to Maintain Internal Controls (Count II) Should be Dismissed

The Complaint alleges that Defendants "had a fiduciary duty to, among other

things, exercise good faith to ensure that the Company's financial statements were

prepared in accordance with GAAP, and, when put on notice of problems with the

Company's business practices and operations, exercise good faith in taking appropriate

action to correct the misconduct and prevent its recurrence." Compl. ¶ 152. The

Complaint also alleges that Defendants "willfully ignored the obvious and pervasive

problems with China North's internal controls and practices and procedures and failed to

make a good faith effort to correct these problems or prevent their recurrence." Compl.

¶ 153.  The Complaint, however, admits that Mr. Bruce did take action to uncover and

correct alleged misconduct as soon as he was put on notice that such misconduct may

have occurred.

According to the Complaint, the first indication that *any* board member had of the

alleged problems occurred on February 23, 2010 when China North disclosed that it

---

[2]   Nevada tracks Delaware law in many matters of corporate governance.  *See e.g., Nev. Classified School Employees Ass'n v. Quaglia*, 177 P.3d 509, 511 (Nev. 2008) (adopting Delaware rule on resolving inconsistencies between bylaws and articles of incorporation); *Shoen v. Amerco*, 137 P.3d 1171, 1184 (Nev. 2006) ("The Delaware court's approach is a well-reasoned method for analyzing demand futility and is highly applicable in the context of Nevada's corporations law."); *Bedore v. Familian*, 125 P.3d 1168, 1173 (Nev. 2006) ("We adopt the Delaware Supreme Court's reasoning in interpreting Nevada's indemnification statute.").

would have to restate its financial statements for the 2008 fiscal year, and the first three quarters of 2009.  Compl. ¶ 6.  The Complaint alleges that Mr. Bruce then commissioned the forensic audit by JLA.  Compl. ¶¶ 11, 16.  JLA issued its findings in a report dated July 10, 2010.  Compl. ¶ 15.  Less than two weeks later, Mr. Bruce wrote a letter to China North's board, in which he "urged his fellow directors on the Board to properly inform themselves and further investigate the serious issues raised in the JLA Report."  Compl. ¶ 16.  After receiving a response from the Chairman of the Board, dated August 5, 2010, "rejecting all of the demands made by defendant Bruce" (Compl. ¶ 17), Mr. Bruce submitted a letter of resignation to the board on August 8, 2010, in which he "indicated, contrary to the Board's August 5th Letter, that he 'strongly believe[d] that substantial additional investigation [was] required.'"  Compl. ¶ 18.  These allegations simply do not describe a director who "willfully ignored" the company's problems, nor do they suggest "intentional misconduct, fraud or a knowing violation of the law."  Rather, these allegations describe a director who acted in good faith to ensure that China North uncovered any potential problems and addressed them in a timely manner.

The Complaint does not identify any information upon which Mr. Bruce failed to act.  Such a deficiency is fatal to Plaintiff's claim.  *See, e.g., Fosbre*, 2010 WL 2696615, at *6 (finding that "general allegations that committee members 'permitted' various breaches of fiduciary duties [were] insufficient to show intentional misconduct, fraud or a knowing violation of the law by those directors."); *see also Desimone v. Barrows*, 924 A.2d 908, 940 (Del Ch. 2007) ("Delaware courts routinely reject the conclusory allegation that because illegal behavior occurred, internal controls must have been

8

deficient, and the board must have known so."); *In re Intel Corp. Derivative Litig.*, 621 F.Supp.2d 165, 174 (D. Del. 2009) ("Plaintiff fails to identify what the Directors actually knew about the 'red flags' and how they responded to them.").

**C.    The Claim Based on Failure to Properly Oversee and Manage the Company (Count III) Should be Dismissed**

The Complaint alleges that Defendants breached their fiduciary duties by failing to properly oversee and manage the company.  *See* Compl. ¶¶ 155-60.  This is a typical *Caremark* claim requiring Plaintiff to plead  "a sustained or systematic failure . . . to exercise oversight," or that Mr. Bruce "intentionally fail[ed] to act in the face of a known duty to act, demonstrating a conscious disregard for his duties."  *Stone v. Ritter*, 911 A.2d 362, 369 (Del. 2006) (citing *In re Caremark Int'l Inc. Deriv. Litig.*, 698 A.2d 959, 971 (Del. Ch. 1996)); *see also In re Lear Corp. S'holder Litig.*, 967 A.2d 640, 653 (Del.Ch. 2008) ("to hold a disinterested director liable for a breach of the fiduciary duty of loyalty for acting in bad faith, a strong showing of misconduct must be made").  As described above, the Complaint alleges facts that indicate that Mr. Bruce was a conscientious director, working diligently in the company's best interests.  The Complaint certainly fails to raise any inference that Mr. Bruce engaged in "intentional misconduct, fraud or knowing violation of the law," as is required to find him personally liable for a breach of fiduciary duty under Nevada law.

9

23414873v1

**D.     The Claims for Abuse of Control (Count V), Gross Mismanagement (Count VI), and Waste of Corporate Assets (Count VII) Should be Dismissed**

The claims of abuse of control, gross mismanagement and waste of corporate assets are inadequate as they merely repackage the same defective breach of fiduciary duty claims.  These claims are not recognized as independent causes of action; rather they are forms of breach of fiduciary duty.

There are no Nevada cases recognizing any separate causes of action for "abuse of control," "gross mismanagement," or "waste of corporate assets."  *See Srebnik v. Dean*, 05-cv-01086, 2006 WL 2790408, at *6 (D. Colo. Sept. 26, 2006) ("none of the Nevada authorities cited by Plaintiffs recognizes ultra vires, abuse of control, and gross mismanagement as separate and independent causes of action"); *In re Las Vegas Sands Corp. Derivative Litig.*, Nos. A576669, A580258, A582074, 2009 WL 6038660, at *8 (Nev. Dist. Ct. Nov. 4, 2009) ("there is no cause of action under Nevada law for gross mismanagement"); *see also Clark v. Lacy*, 376 F.3d 682, 686–87 (7th Cir. 2004) (claims for gross mismanagement and abuse of control were not separate causes of action from breach of fiduciary duty); *In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 115 n.6 (Del. Ch. 2009) (no independent cause of action for gross mismanagement); *In re Keithley Instruments, Inc. Derivative Litig.*, 599 F.Supp.2d 875, 903 (N.D. Ohio 2008) ("corporate waste and gross mismanagement are ways in which fiduciary duty can be breached, not separate causes of action independent of a fiduciary breach").

The claim for "abuse of control" (Compl. ¶ 165) is duplicative of the claim for breach of fiduciary duty for disseminating false and misleading information.  Compl.

10

¶¶ 147-150.  The claim for "gross mismanagement" (Compl. ¶ 172) is duplicative of the claim for breach of fiduciary duty for failing to maintain internal controls and for failing to properly oversee and manage the company.  Compl. ¶¶ 151-160.  In fact, Plaintiff even characterizes the claim for "gross mismanagement" as a breach of the Defendants' "duties of care."  Compl. ¶ 171.  These claims all should be dismissed for the reasons stated above.

Moreover, Plaintiff has not alleged facts supporting a claim of waste against Mr. Bruce.[3]  Waste is a breach of the duty of "substantive due care" that occurs only when there is "an exchange of corporate assets for consideration so disproportionately small as to lie beyond the range at which any reasonable person might be willing to trade."  *Brehm v. Eisner*, 746 A.2d 244, 262, 263 (Del. 2000) (quotation marks and citation omitted); *see also Lemond v. Manzulli*, 05 Civ. 2222, 2009 WL 1269840, at *8 (E.D.N.Y. Feb. 9, 2009) ("A claim of waste will arise only in the rare, unconscionable case where directors irrationally squander or give away corporate assets.") (quoting *In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 74 (Del. 2006)).  "The test for corporate waste is a stringent one and requires that the plaintiff plead facts showing that no person of ordinary sound business judgment could view the benefits received in the transaction as a fair

---

[3] In Nevada, a derivative action is not the proper vehicle in which to bring a waste claim. Nevada law provides a separate path to a remedy for anticipated waste of corporate assets: an application by the stockholders for an injunction and the appointment of a receiver.  *See* Nev. Rev. Stat. 78.650(1)(e).  Regardless, Plaintiff has failed to state a claim of waste.

exchange for the consideration paid by the corporation." *In re Lear Corp.*, 967 A.2d at 656 (quotation marks and citation omitted).

The Complaint's allegations that the Defendants' misconduct has caused China North to incur "significant legal liability and/or costs to defend itself," Compl. ¶ 174, does not meet this stringent test. *See McCrae Assocs., LLC v. Universal Capital Mgmt., Inc.*, 746 F. Supp. 2d 389, 401 (D. Conn. 2010) (fact that defendant "persist[ed] in defending itself in this lawsuit" coupled with its "poor financial shape" were insufficient to support a conclusion that there was a waste of corporate assets); *see also In re Symbol Tech. Sec. Litig.*, 762 F. Supp. 510, 517 (E.D.N.Y. 1990) ("damages must be shown to flow directly from the wrongful acts of defendants, and not to the mere commencement of legal proceedings against the Corporation").

## II.     Plaintiff Has Failed to State a Claim for Unjust Enrichment (Count IV)

Plaintiff alleges that "the Defendants were unjustly enriched at the expense of and to the detriment of China North," and seeks disgorgement of profits obtained by Defendants. Compl. ¶¶ 162–63. This claim must fail, however, because there is no allegation that any compensation paid to Mr. Bruce was "unjust." "Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *G.K. Las Vegas Limited P'ship v. Simon Property Group, Inc.*, 460 F.Supp.2d 1246, 1262 (D. Nev. 2006) (citing *Nevada Indus. Dev. Inc. v. Bendetti*, 741 P.2d 802 (Nev. 1987)). Because the Complaint is devoid of a single allegation that Mr.

Bruce retained, much less received, any unjust benefit from China North, the claim for unjust enrichment against him should be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint's claims against Defendant Robert C. Bruce should be dismissed.

Dated: New York, New York
       April 20, 2011

                                        DEBEVOISE & PLIMPTON LLP

                                        By:

                                        /s/ Edwin G. Schallert
                                        Edwin G. Schallert
                                        Katherine H. Worden
                                        919 Third Avenue
Of Counsel:                             New York, NY 10022
Christine Ford                          (212) 909-6000 (phone)
       cford@debevoise.com              (212) 909-6836 (fax)
Jared I. Kagan                          egschall@debevoise.com
       jikagan@debevoise.com            khworden@debevoise.com

                                        *Attorneys for Defendant Robert C. Bruce*

23414873v1