**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x
JUDITH STRICKLAND, Derivatively On Behalf of )    C.A. 10-cv-05445-MGC
Nominal Defendant CHINA NORTH EAST )
PETROLEUM HOLDINGS LIMITED, )    ECF Case
                        )
            Plaintiff, )
                        )
           v. )
                        )
WANG HONGJUN, YU LIGUO, ROBERT C. BRUCE, )
EDWARD M. RULE, LI JINGFU, ZHANG YANG DIO, )
JU GUIZHI, )
                        )
           Defendants, )
                        )
          - and – )
                        )
CHINA NORTH EAST PETROLEUM HOLDINGS )
LIMITED, )
                        )
                 Nominal Defendant. )
———————————————————————x
[Captions continued on following page]

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANT ROBERT C. BRUCE'S MOTION TO DISMISS**

               DEBEVOISE & PLIMPTON LLP

               Edwin G. Schallert
               Jared I. Kagan
               919 Third Avenue
               New York, NY 10022
               (212) 909-6000 (phone)
               (212) 909-6836 (fax)
               egschall@debevoise.com
               jikagan@debevoise.com

               *Attorneys for Defendant Robert C. Bruce*

May 24, 2011

23433339

———————————————————————————————x

SHERWIN DROBNER                            )     C.A.10-cv-06319-MGC

                                      )

               Plaintiff,             )

                                        )

              v.                    )

                                        )

WANG HONGJUN, ROBERT C. BRUCE, EDWARD M. )
RULE, LI JINGFU, YU LIGUO, JU GUIZHI, ZHANG   )
YANG DIO                                     )

                                        )

              Defendants,          )

                                        )

                - and –             )

                                        )

CHINA NORTH EAST PETROLEUM HOLDINGS   )
LIMITED,                               )

                                        )

              Nominal Defendant.     )

                                        )

                                        )

———————————————————————————————x

JONO NICOLN, Derivatively on Behalf of CHINA  )     C.A.10-cv-06344-MGC
NORTH EAST PETROLEUM HOLDINGS LIMITED  )

                                        )

               Plaintiff,             )

                                        )

              v.                    )

                                        )

WANG HONGJUN, ZHANG YANG DIO, JU GUIZHI,  )
YU LIGUO, ROBERT BRUCE, EDWARD RULE,    )
RUISHI HU, and LI JINGFU                  )

                                        )

              Defendants,          )

                                        )

                - and –             )

                                        )

CHINA NORTH EAST PETROLEUM HOLDINGS   )
LIMITED,                               )

                                        )

              Nominal Defendant.     )

———————————————————————————————x

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT .............................................................................................................2

    I.    Plaintiffs Have Failed to State a Claim For Breach of Fiduciary Duty ..................2

        A.    The Claim Based on Disseminating False and Misleading Information
        (Count I) Should be Dismissed .....................................................................3

        B.    The Claim Based on Failing to Maintain Internal Controls (Count II)
        Should be Dismissed .....................................................................................3

        C.    The Claim Based on Failure to Properly Oversee and Manage the
        Company (Count III) Should be Dismissed ...................................................4

        D.    The Claims for Abuse of Control (Count V), Gross Mismanagement
        (Count VI), and Waste of Corporate Assets (Count VII) Should be Dismissed..........7

    II.    Plaintiffs Have Failed to State a Claim for Unjust Enrichment (Count IV) ............8

CONCLUSION .........................................................................................................8

23433339

# TABLE OF AUTHORITIES

CASES

*Adams v. Calvarese Farms Maintenance Corp., Inc.*, Civil Action No. 4626-VCP,
2010 WL 3944961 (Del. Ch. Sept. 17, 2010) ................................................................6

*Fosbre v. Matthews*, 3:09 Civ. 0467, 2010 WL 2696615 (D. Nev. July 2, 2010) .........................2

*Guttman v. Huang*, 823 A.2d 492 (Del. Ch. 2003) .........................................................5

*Henneberry v. Sumitomo Corp. of Am.*, 415 F. Supp.2d 423 (S.D.N.Y. 2006) .............................2

*In re Affiliated Computer Servs., Inc. S'holders Litig.*, 2009 WL 296078 (Del. Ch.
Feb. 6, 2009) ...........................................................................................7

*In re Caremark Int'l Inc. Deriv. Litig.*, 698 A.2d 959 (Del. Ch. 1996) ................................4

*In re Citigroup Inc. S'holder Deriv. Litig.*, 964 A.2d 106 (Del. Ch. 2009) ............................5

*In re Walt Disney Co. Deriv. Litig.*, 907 A.2d 693 (Del. Ch. 2005) .................................4, 6

*Stone v. Ritter,* 911 A.2d 362 (Del. 2006) ............................................................4

*Unitrin, Inc. v. Am. General Corp.*, 651 A.2d 1361 (Del. 1995) .......................................6


STATUTES

Nev. Rev. Stat. 78.138(7)(b) (2009) ...................................................................1


OTHER AUTHORITIES

Fed. R. Civ. P. 9(b) (2011) ...........................................................................2

Regulation S-K of the Securities Exchange Act, Item 407(d)(5)(iv)
17 C.F.R. § 229.407 (2011) ............................................................................5

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT ROBERT C. BRUCE'S MOTION TO DISMISS**

Defendant Robert C. Bruce submits this memorandum in reply to Plaintiffs'[1] Memorandum of Law in Opposition to the Motions of Defendants' China North East Petroleum Holdings Limited and Robert C. Bruce to Dismiss the Verified Amended Shareholders Derivative Complaint ("Pl. Mem.").

**PRELIMINARY STATEMENT**

Plaintiffs' Memorandum devotes little attention to the arguments in Mr. Bruce's opening brief, *see* Pl. Mem. 32–35, and it does nothing to cure the Complaint's failure to plead with particularity that Mr. Bruce engaged in "intentional misconduct, fraud or knowing violation of the law."  Nev. Rev. Stat. 78.138(7)(b) (2009).  For instance, Plaintiffs make the illogical assertion that facts uncovered by a forensic audit report are an "admission" of a prior failure to perform fiduciary duties, apparently because those facts were not previously known to Mr. Bruce.  Pl. Mem.  32–33.  However, the applicable law addresses business judgment and does not impose omniscience.

Plaintiffs also argue that Mr. Bruce's opening brief focuses on "his purportedly 'exculpatory' conduct."  Pl. Mem. 32.  This focus was entirely appropriate because it is the principal conduct with respect to Mr. Bruce alleged in the Complaint.  Indeed, this conduct continues to be a theme of Plaintiffs' brief.  *See* Pl. Mem. 9–12.  The Complaint

---

[1]   This reply brief and Mr. Bruce's opening brief are directed at all Plaintiffs in this consolidated action, notwithstanding the references to "Plaintiff" in Mr. Bruce's opening brief.  This brief uses the same defined terms as the Memorandum of Law in Support of Defendant Robert C. Bruce's Motion to Dismiss ("Bruce Mem.").

does not contain a single factual allegation against Mr. Bruce that would establish a cause of action against him, and Plaintiffs' Memorandum fails to direct the Court's attention to any viable claim.  Accordingly, the Complaint against Mr. Bruce should be dismissed in its entirety.

**ARGUMENT**

**I.      Plaintiffs Have Failed to State a Claim For Breach of Fiduciary Duty**

Plaintiffs concede that Nevada law governs this case, Pl. Mem. 2 n.4, but they do not even attempt to come to grips with the governing legal standard:  "Nevada law statutorily exculpates directors and officers from personal liability for breach of fiduciary duty unless the act or failure to act constituting the breach 'involved intentional misconduct, fraud or a knowing violation of the law.'"  *Fosbre v. Matthews*, 3:09 Civ. 0467, 2010 WL 2696615, at *6 (D. Nev. July 2, 2010).  To state a claim for breach of fiduciary duty, a plaintiff is "required to plead particularized facts supporting the notion that 'the directors were conscious of the fact that they were not doing their jobs.'" *Fosbre* 2010 WL 2696615, at *6 (citation omitted).  The heightened pleading standard articulated by Rule 9(b) of the Federal Rules of Civil Procedure "appl[ies] to breach of fiduciary duty claims where the breach is premised on the defendant's fraudulent conduct," so Plaintiffs must meet that standard as well.  *Henneberry v. Sumitomo Corp. of Am.*, 415 F. Supp.2d 423, 464 (S.D.N.Y. 2006).  Plaintiffs do not contest the applicable standard, and the Complaint does not meet it.

2

### A.    The Claim Based on Disseminating False and Misleading Information (Count I) Should be Dismissed

A claim of breach of fiduciary duty based on disseminating false or misleading information must be supported by particularized facts that the defendant had knowledge, or had reason to know, that the statements were false or misleading at the time they were made.  Bruce Mem. 6.  The Complaint fails to allege, and Plaintiffs' Memorandum fails to direct the Court's attention to, any particularized allegations that Mr. Bruce knew or had reason to know of the alleged falsity of any statements at the time they were made.  Therefore, Plaintiffs' claim based on disseminating false and misleading information should be dismissed.

### B.    The Claim Based on Failing to Maintain Internal Controls (Count II) Should be Dismissed

Plaintiffs' Memorandum, like the Complaint, fails to raise any particularized allegations that Mr. Bruce "willfully ignored the obvious and pervasive problems with China North's internal controls and practices and procedures and failed to make a good faith effort to correct these problems or prevent their recurrence."  Compl. ¶ 153.  To the contrary, the Complaint alleges that Mr. Bruce "urged his fellow directors on the Board to properly inform themselves and further investigate the serious issues raised in the JLA Report."  Compl. ¶ 16.  The Complaint also alleges facts demonstrating that Mr. Bruce acted in good faith to correct any alleged internal control issues which China North may have been experiencing.  *See* Bruce Mem. 8.  Plaintiffs' failure to identify any

3

information upon which Mr. Bruce failed to act is fatal to the claim for failure to maintain internal controls.

C.   **The Claim Based on Failure to Properly Oversee and Manage the Company (Count III) Should be Dismissed**

To state a claim for failure to properly oversee and manage the company, Plaintiffs must plead "a sustained or systematic failure . . . to exercise oversight," or that Mr. Bruce "intentionally fail[ed] to act in the face of a known duty to act, demonstrating a conscious disregard for his duties." *Stone v. Ritter,* 911 A.2d 362, 369 (Del. 2006) (citing *In re Walt Disney Co. Deriv. Litig.*, 906 A.2d 27 (Del.2006); *In re Caremark Int'l Inc. Deriv. Litig.*, 698 A.2d 959, 971 (Del. Ch. 1996)).  Plaintiffs have failed to make such particularized allegations, and their conclusory attempts to argue in their brief that Mr. Bruce "consciously disregarded" his duties cannot compensate for the Complaint's deficiencies.

First, Plaintiffs argue that Mr. Bruce "conceded he consciously failed to monitor and or oversee [China North's] internal controls."  Pl. Mem. 33.  No such concession exists.  Plaintiffs point to a July 22, 2010 letter Mr. Bruce sent to the Board in which Mr. Bruce stated that "information contained in the JLA report, *essentially all of which was not known to me* (and I presume to the other independent directors, Mr. Rule and Ms. Li) prior to completion of the report clearly raises important questions with respect to both the potential for material misstatements on a US GAAP basis and the ability of the company to affirmatively attest to compliance with the FCPA . . . ."  Pl. Mem. 32–33 (emphasis added by Plaintiffs).  The fact that Mr. Bruce lacked knowledge of any alleged

4

GAAP or FCPA violations as they were occurring, and well prior to receiving a forensic audit report, is hardly a concession that he consciously disregarded his duties.[2] *See Guttman v. Huang*, 823 A.2d 492, 506–07, 507 n.36 (Del. Ch. 2003)  (holding complaint lacked "well-pled factual allegations—as opposed to wholly conclusory statements" where no particularized allegations that directors "did possess knowledge of facts suggesting potential accounting improprieties and took no action to respond to them") (citation omitted).

Second, Plaintiffs argue that Mr. Bruce "should be held to a higher standard because, according to the 2008 Form 10-K, 'the Board of Directors has determined that Mr. Bruce is an 'audit committee financial expert' as defined by SEC rules.'"  Pl. Mem. 33.  The notion that Mr. Bruce should be held to a higher standard by virtue of his designation as an "audit committee financial expert" has no legal support.  *See* Item 407(d)(5)(iv) of Regulation S-K of the Securities Exchange Act;[3] *see also In re Citigroup*

---

[2]   Plaintiffs' Complaint alleges facts demonstrating that any alleged violations and misstatements were addressed in a prompt manner.  The earliest date the Complaint alleges that *anyone* was put on notice of alleged violations and misstatements was February 23, 2010.  Compl. ¶¶ 6, 7.  Disclosures regarding China North's estimated financial restatements were issued on April 20, 2010.  *See* Compl. ¶ 9.  China North also disclosed on April 16, 2010 that it had "identified potential control deficiencies over financial reporting…."  Compl. ¶ 8.  Thereafter, Mr. Bruce commissioned a forensic audit; the auditor issued a final report on July 10, 2010.  Compl. ¶¶ 11, 15.  Less than two weeks later, Mr. Bruce recommended that the Board further investigate the issues raised in the report.  Compl. ¶ 16.

[3]   Item 407(d)(5)(iv) states:

> A person who is determined to be an audit committee financial expert will not be deemed an *expert* for any purpose . . . as a result of being designated or identified as an audit committee financial expert. . . .

*Inc. S'holder Deriv. Litig.*, 964 A.2d 106, 128 n.63 (Del. Ch. 2009) ("Even directors who are experts are shielded from judicial second guessing of their business decisions by the business judgment rule."). Nor do Plaintiffs explain how even a higher standard would create a viable claim.

Third, Plaintiffs argue that Mr. Bruce, along with the other Audit Committee members, was responsible for hiring Jimmy Cheung as China North's auditors, "even though they were admittedly not experts in GAAP accounting in the oil and gas industry and had been linked to the issuance of many fabricated financial statements for other companies." Pl. Mem. 34. A Board's selection of an auditor is a business decision that should not be second-guessed by a court. *See Adams v. Calvarese Farms Maintenance Corp., Inc.*, Civil Action No. 4626-VCP, 2010 WL 3944961, at *18 (Del. Ch. Sept. 17, 2010) ("[T]he court should presume that in making a business decision directors acted in an informed manner and in the belief that their action taken was in the best interests of the corporation.") (citing *In re Walt Disney Co. Deriv. Litig.*, 907 A.2d 693, 746–47 (Del. Ch. 2005)). The fact that Plaintiffs, with the benefit of hindsight, believe a better choice may have been available hardly demonstrates that Mr. Bruce acted with "intentional misconduct, fraud or [in] knowing violation of the law." *See Unitrin, Inc. v. Am. General Corp.*, 651 A.2d 1361, 1385–86 (Del. 1995) ("If a board selected one of several

---

The designation or identification of a person as an audit committee financial expert pursuant to this item does not impose on such person any duties, obligations or liability that are greater than the duties, obligations and liability imposed on such person as a member of the audit committee or board of directors in the absence of such designation or identification.

23433339

reasonable alternatives, a court should not second guess that choice even though it might have decided otherwise or subsequent events may have cast doubt on the board's determination."); *In re Affiliated Computer Servs., Inc. S'holders Litig.*, 2009 WL 296078, at *10 (Del. Ch. Feb. 6, 2009) ("[T]he business decisions of the board are not subject to challenge because in hindsight other choices might have been made"). Furthermore, the Complaint does not allege facts to suggest that Mr. Bruce had any knowledge of Jimmy Cheung's issuance of alleged fabricated financial statements.

Because the Complaint does not allege particularized facts that Mr. Bruce consciously disregarded his duties, or that he acted with "intentional misconduct, fraud or [in] knowing violation of the law," the claim against him for failure to oversee or properly manage the company should be dismissed.

> **D.     The Claims for Abuse of Control (Count V), Gross Mismanagement (Count VI), and Waste of Corporate Assets (Count VII) Should be Dismissed**

The claims of abuse of control, gross mismanagement and waste of corporate assets are inadequate as they merely repackage the same defective breach of fiduciary duty claims.  These claims are not recognized as independent causes of action; rather they are forms of breach of fiduciary duty.  *See* Bruce. Mem. 10–12.  Plaintiffs do not dispute this.

7

**II.      Plaintiffs Have Failed to State a Claim for Unjust Enrichment (Count IV)**

Plaintiffs have failed to state a claim for unjust enrichment.  *See* Bruce Mem. 12–13.  Plaintiffs' Memorandum does not address this point either.  Accordingly, the claim for unjust enrichment against Mr. Bruce should be dismissed.

<b>CONCLUSION</b>

For the foregoing reasons, the Complaint's claims against Defendant Robert C. Bruce should be dismissed.

Dated: New York, New York
       May 24, 2011

DEBEVOISE & PLIMPTON LLP

By:

/s/ Edwin G. Schallert
Edwin G. Schallert
Jared I. Kagan
919 Third Avenue
New York, NY 10022
Of Counsel:                              (212) 909-6000 (phone)
Christine Ford                           (212) 909-6836 (fax)
cford@debevoise.com          egschall@debevoise.com
                                                 jikagan@debevoise.com

*Attorneys for Defendant Robert C. Bruce*

8