UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――x
JUDITH STRICKLAND, Derivatively On Behalf of    )   C.A. 10-cv-05445-MGC
Nominal Defendant CHINA NORTH EAST              )
PETROLEUM HOLDINGS LIMITED,                     )   ECF Case
                                                )
            Plaintiff,                          )
                                                )
        v.                                      )
                                                )
WANG HONGJUN, YU LIGUO, ROBERT C. BRUCE,        )
EDWARD M. RULE, LI JINGFU, ZHANG YANG DIO,      )
JU GUIZHI,                                      )
                                                )
            Defendants,                         )
                                                )
        - and –                                 )
                                                )
CHINA NORTH EAST PETROLEUM HOLDINGS             )
LIMITED,                                        )
                                                )
            Nominal Defendant.                  )
―――――――――――――――――――――――――――x

[Captions continued on following page]

**MEMORANDUM OF DEFENDANT ROBERT C. BRUCE IN RESPONSE TO PLAINTIFFS' MOTION TO AMEND OR ALTER JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

DEBEVOISE & PLIMPTON LLP

Edwin G. Schallert
Jared I. Kagan
919 Third Avenue
New York, NY 10022
(212) 909-6000 (phone)
(212) 909-6836 (fax)
egschall@debevoise.com
jikagan@debevoise.com

*Attorneys for Defendant Robert C. Bruce*

June 22, 2011

23453850v1

———————————————————————x
SHERWIN DROBNER                                                    )        C.A.10-cv-06319-MGC
                                                                   )
              Plaintiff,                              )
                                                                   )
              v.                                       )
                                                                   )
WANG HONGJUN, ROBERT C. BRUCE, EDWARD M.                           )
RULE, LI JINGFU, YU LIGUO, JU GUIZHI, ZHANG                        )
YANG DIO                                                           )
                                                                   )
              Defendants,                             )
                                                                   )
           - and –                                      )
                                                                   )
CHINA NORTH EAST PETROLEUM HOLDINGS                                )
LIMITED,                                                           )
                                                                   )
              Nominal Defendant.                      )
                                                                   )
———————————————————————x
JONO NICOLN, Derivatively on Behalf of CHINA                       )        C.A.10-cv-06344-MGC
NORTH EAST PETROLEUM HOLDINGS LIMITED                              )
                                                                   )
              Plaintiff,                              )
                                                                   )
              v.                                       )
                                                                   )
WANG HONGJUN, ZHANG YANG DIO, JU GUIZHI,                           )
YU LIGUO, ROBERT BRUCE, EDWARD RULE,                               )
RUISHI HU, and LI JINGFU                                           )
                                                                   )
              Defendants,                             )
                                                                   )
           - and –                                      )
                                                                   )
CHINA NORTH EAST PETROLEUM HOLDINGS                                )
LIMITED,                                                           )
                                                                   )
              Nominal Defendant.                      )
                                                                   )
———————————————————————x

### MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION TO AMEND OR ALTER JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant Robert C. Bruce submits this memorandum in response to the Memorandum of Law in Support of Plaintiffs' Motion to Amend or Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1]

### PRELIMINARY STATEMENT

On May 26, 2011 the Court granted Mr. Bruce's motion to dismiss the Amended Shareholder Derivative Complaint, and dismissed the Actions in their entirety. On June 1, 2011, Plaintiffs filed a motion to amend or alter the May 26, 2011 judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiffs expressly state that they "do *not* challenge the dismissal of the claims against [Mr. Bruce]." Pl. Mem. 1 (emphasis supplied by Plaintiffs). While Mr. Bruce agrees with China North's opposition to Plaintiffs' motion, he respectfully requests that if the Court were to grant Plaintiffs' motion, that it contemporaneously direct entry of a final judgment as to Mr. Bruce, pursuant to Federal Rule of Civil Procedure 54(b), as there is no just reason to delay the finality of the Court's order with respect to Mr. Bruce while Plaintiffs attempt to find and serve the other named defendants, who reside and are located abroad in China. Pl. Mem. 2.

---

[1] This brief uses the same defined terms as the Memorandum of Law in Support of Plaintiffs' Motion to Amend or Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Pl. Mem").

23453850v1

**ARUGMENT**

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief…or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Currently, the Court's May 26, 2011 order indicates that the judgment is final as to all claims and all parties. If the Court were to grant Plaintiffs' motion to amend the judgment, this will no longer be the case, and an entry pursuant to Rule 54(b) would be necessary to make the judgment final as to Mr. Bruce. *See Brown v. N.Y. State Supreme Court for the Second Judicial District*, 372 F. App'x 183, 185 (2d Cir. 2010) (holding district court judgment not final and appealable where court order indicated that the case would proceed against unserved defendant).

The Court has already determined that the judgment as to Mr. Bruce is final—a determination Plaintiffs do not challenge. *See* Pl. Mem. 1. "[H]aving found finality, the district court must go on to determine whether there is any just reason for delay… . [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments…a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). If the Court were to grant Plaintiffs' motion and allow this case to proceed against the other named defendants, there is no just reason Mr. Bruce should have to wait in limbo while Plaintiffs attempt to serve defendants who presently reside and are located

2

in China, and who have not been served since Plaintiffs filed their Complaint on February 22, 2011. *See* Pl. Mem. 2.

It is unknown whether and when Plaintiffs will effect service on any other individual defendants. During this period of uncertainty, Plaintiffs may choose not to appeal the judgment as to Mr. Bruce – in which event he will have true finality. On the other hand, if plaintiffs appeal, a ruling by the Court of Appeals could eliminate the need for any further proceedings in the District Court because the grounds for dismissing claims against Mr. Bruce apply to the not-yet served individual defendants. Under either scenario, judicial administrative interests are advanced by entry of a final judgment.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court direct entry of a final judgment as to Mr. Bruce, pursuant to Rule 54(b), if the Court grants Plaintiffs' motion to amend or alter its May 26, 2011 judgment.

Dated: New York, New York
June 22, 2011

DEBEVOISE & PLIMPTON LLP

By:

/s/ Edwin G. Schallert
Edwin G. Schallert
Jared I. Kagan
919 Third Avenue
New York, NY 10022
(212) 909-6000 (phone)
(212) 909-6836 (fax)
egschall@debevoise.com
jikagan@debevoise.com

Of Counsel:
Christine Ford
cford@debevoise.com

*Attorneys for Defendant Robert C. Bruce*

3

23453850v1