## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUDITH STRICKLAND, Derivatively On Behalf of Nominal Defendant CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED,<br><br>                    Plaintiff,<br><br>          v.<br><br>WANG HONGJUN, YU LIGUO, ROBERT C. BRUCE, EDWARD M. RULE, LI JINGFU, ZHANG YANG DIO, JU GUIZHI,<br><br>                    Defendants,<br><br>          - and -<br><br>CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED,<br><br>                    Nominal Defendant. | C.A. No. 1:10-cv-05445 (MGC) |

[Captions continued on following page]

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO AMEND OR ALTER JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

| | |
|---|---|
| SHERWIN DROBNER, | |
| Plaintiff, | |
| v. | |
| WANG HONGJUN, , ROBERT C. BRUCE, EDWARD M. RULE, LI JINGFU, YU LIGUO, JU GUIZHI, ZHANG YANG DIO | C.A. No. 1:10-cv-06319 (MGC) |
| Defendants, | |
| - and - | |
| CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, | |
| Nominal Defendant. | |
| JONO NICOLN, derivatively on behalf of CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, | |
| Plaintiff, | |
| v. | |
| WANG HONGJUN, ZHANG YANG DIO, JU GUIZHI, YU LIGUO, ROBERT BRUCE, EDWARD RULE, RUISHI HU, and LI JINGFU, | C.A. No. 1:10-cv-06344 (MGC) |
| Defendants, | |
| - and - | |
| CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, | |
| Nominal Defendant. | |

# **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES……………………………….………..………..……...ii

I.     PRELIMINARY STATEMENT….........................................................................1

II.    ARGUMENT……………………………………………………...………2

     A.     Relief May Be Properly Granted Under
        Rule 59(e)……………..…………………………………...……...3

     B.     Plaintiffs Have Not Been "Dilatory" …..…………..…………………….5

     C.     The Court's Determination Regarding Bruce Does Not
        Preclude Finding The Foreign Defendants Liable…..…………..…..…...12

   III.    CONCLUSION……………………………………………..……......…15

## <u>Table of Authorities</u>

Page(s)

<u>Cases</u>

*AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt.*, L.P.,
    197 F.R.D. 104 (S.D.N.Y. 2000)……………………….……………………………..11

*Bunim v. Karla*,
    Case Nos. 05-CV-1562-74 (KMK), 2006 U.S. Dist. LEXIS 50309
    (S.D.N.Y. July 24, 2006)…………………………………………………………10, 11

*Fields v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    03 Civ. 8363 (SHS), 2004 U.S. Dist. LEXIS 5155
    (S.D.N.Y. Mar. 29, 2004)…………………………………………………………2, 3

*In re Comverse Tech. Sec. Litig.*,
    543 F. Supp. 2d 134 (E.D.N.Y. 2008)…………………………………….…..8, 9, 11

*In Research Communs., Ltd. v. Meredith Corp.*,
    Case No. 3:00cv2179(DFM), 2011 U.S. Dist. LEXIS 1316
    (D. Conn. Apr. 13, 2009)…………………………………………………………3

*Knit With v. Knitting Fever, Inc.*,
    C.A. Nos. 08-4221, 08-4775, 2010 U.S. Dist. LEXIS 70412
    (E.D. Pa. July 14, 2010)…………………………….……………..………5, 6

*SEC v. Gottlieb*, 88 Fed. Appx. 476 (2d Cir. 2004)………………………………………8

*Travers Tool Co. v. Southern Overseas Express Line, Inc.*,
    98 CV 8464 (RO), 2000 U.S. Dist. LEXIS 1582
    (S.D.N.Y. Feb. 17, 2000)…………………………….…………………………5

*United States v. McLaughlin*,
    470 F.3d 698 (7th Cir. 2006)……………………………………………………..10

*USA Certified Merchants, LLC v. Koebel*,
    273 F. Supp. 2d 501 (S.D.N.Y. 2003)………………………………………………3

*Vinewood Capital, L.L.C. v. Dar Al-Maal Al-Islami*,
    C.A. No. 4:06-CV-316-Y, 2006 U.S. Dist. LEXIS 80104
    (N.D. Tex. Nov. 2, 2006)…………………………………………………… 9

*Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*,
    956 F.2d 1245 (2d Cir. 1992)………………….……...……………………...3

*Willis v. Magic Power Co.,*
    C.A. No. 10-4275, 2011 U.S. Dist. LEXIS 3238
    (E.D. Pa. Jan 7, 2011)……………………………………….……………….…4

*Zeke N' Zoe*,
    01 Civ. 4780 (HB), 2002 U.S. Dist. LEXIS 8670
    (S.D.N.Y. May 15, 2002) …………………………………………………………3


**<u>Federal Rules of Civil Procedure</u>**

Fed. R. Civ. P. ……………………………………………………………………….2

Fed. R. Civ. P. 59(e)……………………………………………..…………*passim*

**<u>Miscellaneous</u>**

Notes of Advisory Committee on 1993 amendments to
    Fed. R. Civ. P. 4, subd. (d)………………………………………….……….8

# I.    PRELIMINARY STATEMENT

Nominal defendant China North East Petroleum Holdings Limited ("CNEP" or the "Company") misapprehends the scope of Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), as well as the jurisdiction of this Court, in asserting that the relief sought by Plaintiffs is improper under Rule 59(e), and that the Court lacks jurisdiction to entertain this motion.  CNEP also mischaracterizes Plaintiffs' efforts to serve certain individual defendants who, upon information and belief, are believed to presently reside in the People's Republic if China (the "PRC"), in a disingenuous attempt to paint Plaintiffs as purportedly dilatory and, therefore, CNEP claims, the relief sought is unwarranted.  Finally, CNEP grossly overstates the scope of this Court's May 26, 2011 Order dismissing claims against defendant Robert C. Bruce ("Bruce") for failure to adequately allege ***Bruce's*** breach of fiduciary duties in a strained attempt to demonstrate the granting Plaintiffs' motion would purportedly be futile, and to foreclose Plaintiffs from re-filing their action against the remaining individual defendants, if necessary, by erroneously claiming that collateral estoppel or *res judicata* would apply.

As demonstrated below, the relief sought by Plaintiffs is not only proper under Rule 59(e), but the Court plainly has jurisdiction to grant this motion in which amendment or alteration of judgment is sought for the limited purpose of permitting Plaintiffs to continue their efforts to serve the remaining individual defendants in the PRC.  The record shows that far from being dilatory, Plaintiffs undertook all reasonable efforts to effect service under the circumstances, and in light of the foreign residency of the un-served individual defendants in the PRC.  In addition, where, as here, the un-served individual defendants' own conduct has only exacerbated the difficulties inherent

in effecting service upon foreign defendant, they should not be heard to object to the request for additional time to complete that task.

Finally, this Court's dismissal of the claims against. Bruce was based on its determination that Plaintiffs had not adequately alleged that Bruce breached his fiduciary duties to the Company's shareholders.[1]  The Court, however, expressly stated that it ***did not*** reach the demand futility issue.  Thus, the Court did not make any findings applicable to the un-served individual defendants that absolves them of liability, or precludes Plaintiffs' pursuit of claims against them.  CNEP's assertion that Plaintiffs are now foreclosed by collateral estoppel or *res judicata* is, therefore, simply incorrect.   Indeed, any opinion as to the collateral estoppel or *res judicata* effect of the Court's May 26, 2011 Order would be nothing more than an improper advisory ruling with respect to these defendants.  Ironically, it is the absent defendants - who have avoided service and will not submit to the jurisdiction of this Court - who now seek a ruling on the merits in a case.

For the reasons discussed below, the relief sought here is both warranted and proper. Accordingly, Plaintiffs respectfully submit that their motion should be granted.

## II.    ARGUMENT

### A.    Relief May Be Properly Granted Under Rule 59(e)

Under Rule 59(e) "'reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.'"  *Fields v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 03 Civ. 8363 (SHS),

---

[1]     In the event that the Court grants this motion, Bruce requests entry of a final judgment as to him pursuant to Fed. R. Civ. P. 54(b).  Plaintiffs do not oppose Mr. Bruce's request.

2004 U.S. Dist. LEXIS 5155, at *5 (S.D.N.Y. Mar. 29, 2004) (quoting *USA Certified Merchants, LLC v. Koebel*, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003) (citing *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). CNEP asserts that Plaintiffs motion under Rule 59(e) is improper because that rule is not intended to permit the parties to "revisit issues that the court has already fully considered such that the motion becomes a 'substitute for appealing from a final judgment.'" Memorandum in Opposition to Motion of Plaintiffs to Amend or Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("CNEP Br.") at 9 (quoting *Zeke N' Zoe*, 01 Civ. 4780 (HB), 2002 U.S. Dist. LEXIS 8670, at *3 (S.D.N.Y. May 15, 2002)).

Plaintiffs on this motion, however, are ***not*** challenging the substantive decision of the Court; namely the dismissal against Bruce for failure to adequately allege that he breached his fiduciary duties to the Company's shareholders.[2]  *See* Supplemental Declaration of Timothy J. MacFall, dated June 27, 2011 ("Supp. Decl."), Ex. K at 6:3-8 ("For the reasons stated by counsel, I grant the motion made by the only defendant who is not a nominal defendant in this case who has been served.  I do not reach the issue of the futility of demand because it is unnecessary, since the plaintiff has failed to state an

---

[2]     Moreover, that Plaintiffs did not previously raise the service issue in connection with the motion to dismiss does not preclude them from now moving for relief under Rule 59(e). The motion that resulted in the entry of the Judgment was brought by Bruce, who did not seek dismissal of the claims based on a failure to serve the foreign defendants. Therefore, it is neither surprising, nor determinative of the propriety of this motion, that the service issue was not raised by Plaintiffs in their opposition to Bruce's motion to dismiss. *See In Research Communs., Ltd. v. Meredith Corp.*, Case No. 3:00cv2179(DFM), 2011 U.S. Dist. LEXIS 1316, at *9 (D. Conn. Apr. 13, 2009) (rejecting defendant's assertion that an argument not previously raised – that prejudgment interest may be sought by means of a Rule 59(e) motion – could not be considered by the court for the first time in a Rule 59(e) motion).

actionable claim of breach of fiduciary duty by the one defendant that it chose to serve.").

Instead, by this motion, Plaintiffs seek **only** that the judgment entered by the Court on May 27, 2011 (*see* Supp. Decl., Ex. A, Dkt. # 45) (the "Judgment") be amended or altered to reflect that the actions are not dismissed in their entirety to permit Plaintiffs to complete their efforts to effect service on defendants Wang Hongjun, Zhang Yang Dio, Ju Guizhi, Yu Liguo, Edward Rule, Ruishi Hu, and Li Jingfu (the "Foreign Defendants") in the PRC pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention").[3]  Left unamended, the Court's Judgment terminates the actions against these defendants.

CNEP also argues that the Court lacks jurisdiction over this motion because, it claims, Plaintiffs' motion is substantively a motion to enlarge time under Rule 4.  CNEP Br. at 11-13.  The Company asserts that the Court dismissed the action in its entirety because the Amended Complaint fails to state a claim for which relief could be granted as Plaintiffs purportedly failed to satisfy the Nevada exculpatory statute, as well as the particularity requirements of Rule 9(b).  *Id*. at 12.  Thus, CNEP claims Plaintiffs motion is "of a different kind or on a different principle" than that of the Judgment.  CNEP Br. at 12.

First, the record is clear that in arguing that Plaintiffs failed to satisfy the Nevada statute, or the particularity requirements of Rule 9(b), Bruce's argument was only directed to the allegations that pertained to him.  *See* Supp. Decl., Ex. A at 4:3-5:16.

---

[3]	In the PRC, service can only be effected through the Central Authority under the Hague Convention.  *See Willis v. Magic Power Co.,* C.A. No. 10-4275, 2011 U.S. Dist. LEXIS 3238, at \*9-\*10 (E.D. Pa. Jan 7, 2011).

Thus, the Court concluded that Plaintiffs had not adequately alleged that Bruce breached his fiduciary duties. *Id*. at 6:3-8. The Court, however, did not reach the issue of demand futility, or any other issue that would require dismissal of the action against the Foreign Defendants. *Id*. Accordingly, Plaintiffs' motion seeks relief from that part of the Judgment that dismisses the claims against those remaining defendants. Far from being unrelated to the Judgment, as CNEP suggests, Plaintiffs' motion is the proper, and indeed the only, vehicle by which Plaintiffs can seek or obtain the relief sought, namely alteration or amendment of the Judgment to avoid dismissal of the litigation against the Foreign Defendants.[4]

### B.    Plaintiffs Have Not Been "Dilatory"

CNEP argues that even if the Court determines that it does have jurisdiction over the motion, it should nonetheless be denied because the Company claims Plaintiffs have been dilatory and cannot satisfy the due diligence standard to excuse their inability to serve the Foreign Defendants in the PRC under the Hague Convention. The record, however, simply does not support that assertion.

When service is to be made in a foreign country, the 120-day limitation of Rule 4(m) does not apply and, instead, the court uses a "flexible due diligence standard" to assess the timeliness of service of process. *See Travers Tool Co. v. Southern Overseas Express Line, Inc.*, 98 CV 8464 (RO), 2000 U.S. Dist. LEXIS 1582, at *5 (S.D.N.Y. Feb. 17, 2000). In *Knit With v. Knitting Fever, Inc.*, C.A. Nos. 08-4221, 08-4775, 2010 U.S. Dist. LEXIS 70412, at *43 (E.D. Pa. July 14, 2010), the court explained that under the

---

[4]    CNEP argues that Plaintiffs took a "calculated risk" and chose not to serve any of the Foreign Defendants as part of a "strategic ploy." CNEP Br. at 10. CNEP does not – because it cannot – describe what conceivable litigation advantage Plaintiffs purportedly would have derived from the "strategic ploy" of not serving the Foreign Defendants.

flexible due diligence standard, the reasonableness of plaintiff's efforts and the prejudice to the defendant resulting from any delay must be considered by the court. *Id.* The court further explained:

> Nonetheless, "[d]ismissal of a complaint is inappropriate . . . *when there exists a reasonable prospect that service may yet be obtained,* and 'in such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service.'" . . . This Court retains great discretion in determining whether to extend time for proper service, even in the absence of a showing of good cause. . . .

*Id*. at *43-*44 (emphasis added).

Here, plaintiff in the first-filed case, *Strickland v. Wang Hongjun, et al.*, C.A. No. 1:10-cv-05445 ("*Strickland*"), attempted to serve defendants at the address listed in CNEP's SEC filings as the Company's "principal executive office" at 445 Park Avenue, New York, NY 10022, ten days after the initial complaint was filed. *See* Supp. Decl., ¶ 4, Ex. C. As indicated on the Proof of Service portion of the summonses issued in *Strickland* by the Process Server: "Defendants rent space on the 10th floor of 445 Park Ave., NY NY [*sic*]. Receptionist for another company told me they only have a mailbox – no employees at address above." *Id.,* Ex. C.

Before Plaintiff in *Strickland* could arrange to begin efforts to serve the Foreign Defendants in the PRC pursuant to the Hague Convention, two additional cases, in *Drobner v. Hongjun, et al.*, 1:10-cv-6319 ("*Drobner*") and in *Nicoln v. Hongjun, et al.*, 1:10-cv-6319 ("*Nicoln*") were filed in this Court. *See* Supp. Decl., ¶¶ 8-9. Thereafter, Plaintiffs agreed to an organizational structure and endeavored to have the cases consolidated in order to file an amended complaint. *See* Supp. Decl., ¶¶ 11-12, 15-17, 21-24. Shortly thereafter, plaintiff in *Drobner* effected service on the corporation, CNEP. *See* Supp. Decl., ¶ 10.

Plaintiffs in the three separate actions did not attempt to effect service of the three separate complaints pursuant to the Hague Convention because Judge Berman ordered the filing of an amended consolidated complaint and a response within 60 days of service of the amended consolidated complaint.  Plaintiffs believed that pursuing service in the PRC for the three separate initially-filed complaints in *Strickland, Drobner, and Nicoln*, in light of their intent, pursuant to Judge Berman's Order, to file an amended consolidated pleading, would waste resources since Plaintiffs would need to then translate and attempt service of the amended pleading through The Ministry of Justice, Department of Judicial Assistance and Foreign Affairs, Division of Judicial Assistance in the PRC.[5]  *See* Supp. Decl., ¶ 13.

Plaintiffs, however, did engage in repeated discussions with counsel for CNEP and the Foreign Defendants as to whether counsel would accept service on behalf of those defendants.  *See* Supp. Decl., ¶¶ 14, 18.  While the Foreign Defendants are, obviously, under no obligation to authorize counsel to accept service, it is worth noting that they did authorize that same counsel to accept service in the federal securities class action, *In re China North East Petroleum Holdings Limited Securities Litigation*, No. 10-cv-4577 (MGC) (the "Securities Action"), presently pending before this same Court.  *See* Supp. Decl., ¶ 23.  In addition, on or about December 16, 2010, plaintiffs served counsel for CNEP and the Foreign Defendants with the summonses and complaints together with Requests for Waivers of Service with respect to all defendants, pursuant to Fed. R. Civ. P. 4(d)(1).  Thus, Plaintiffs' reasonably expected that the Foreign Defendants would

---

[5]     Service in the PRC pursuant to the Hague Convention is a costly and time consuming process.  *See* Supp. Decl., ¶ 28.

eventually accept service. Those Waivers, however, expired without Defendants accepting service of the original complaints on February 15, 2011.[6]

Plaintiffs filed their Amended Consolidated Complaint (the "Amended Complaint"), on or about February 22, 2011, and within a few weeks thereafter, Plaintiffs retained and directed APS International to proceed with its efforts to translate all necessary documents, and conduct necessary address searches for the Foreign Defendants who are believed to reside in the PRC in order to complete service on behalf of Plaintiffs. *See* Supp. Decl., ¶¶ 25, 27.   As those efforts have continued and are ongoing without any interruption (Supp. Decl., ¶ 29), Plaintiffs have demonstrated their due diligence.

The determination as to whether Plaintiffs have satisfied the flexible due diligence standard applicable to service of process upon foreign defendants rests within the discretion of this Court.  *See SEC v. Gottlieb*, 88 Fed. Appx. 476, 477 (2d Cir. 2004). While CNEP argues that Plaintiffs have failed to meet this standard, Plaintiffs' efforts to obtain waivers to effect service, and to consolidate all cases and file an amended complaint, as described *supra*, satisfy even the "good cause" standard applicable under the more stringent standards of Fed. R. Civ. P. 4(m).  *See, e.g., In re Comverse Tech. Sec. Litig.*, 543 F. Supp. 2d 134, 146 (E.D.N.Y. 2008) (magistrate judge determined that delay

---

[6]      As noted in the commentary to the Amendment to Rule 4 of Fed. R. Civ. P.: "The aims of the [waiver] provision are to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel.  The rule operates to impose upon the defendant those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed.  This device is useful in dealing with defendants who are furtive, who reside in places no easily reached by process servers, or who are outside the United States and can be served only at substantial and unnecessary expense."  As the Foreign Defendants have ignored this process by not responding to the waivers, they should not now be rewarded with a dismissal.

caused by PSLRA lead plaintiff process constituted good cause, but issue not reached by district court).

Under circumstances similar to those present here, the court in *Vinewood Capital, L.L.C. v. Dar Al-Maal Al-Islami*, C.A. No. 4:06-CV-316-Y, 2006 U.S. Dist. LEXIS 80104, *6-*7 (N.D. Tex. Nov. 2, 2006), determined that the plaintiff had established good cause to for its failure to serve a foreign defendant within 120 days, explaining:

> after receiving the letter from [defense counsel] . . . indicating that the defendants would not accept service through the Texas secretary of state, Vinewood then attempted to garner the defendants' waiver of service. The defendants refused and argue that they have no duty to waive service and avoid unnecessary costs associated with service of process. However, ***Fed.R.Civ.P. 4(d) specifically states that foreign defendants have 'a duty to avoid unnecessary costs of serving the summons.'*** The defendants all do business in Texas and are registered with the Texas secretary of state. ***Neither in [defense counsel's] . . . letters to [plaintiff's counsel] . . . nor here do any of the defendants offer an explanation as to why an alternative to service of process through the Hague Convention is not possible.*** The Court has taken note of the defendants refusal to make themselves more amendable to service of process without any explanation other than that they "reserve all of their rights regarding service of process" under the Hague Convention.
>
> Vinewood then sought out a company capable of accomplishing service of process in accordance with the Hague Convention. While [defendant] . . . summarily discounts Vinewood's explanation that it took some time to locate a company capable of accomplishing service of process in accordance with the Hague Convention, the Court finds Vinewood's explanation acceptable. ***It's not commonplace for a plaintiff located in the United States to be required to effectuate service of process on a foreign defendant in accordance with the Hague Convention and the Court is sure that not every company specializes in such a complex and expensive process to effectuate service.*** In fact, the federal rules of civil procedure explicitly contemplate that service of process upon foreign defendants may be of such a complex nature that the 120-day limit for service "does not apply to service in a foreign country . . . ." *See* Fed. R. Civ. P. 4(m). ***Thus, the Court concludes that Vinewood has made a good faith effort to serve the defendants in this case by attempting service through the Texas secretary of state where the defendants are registered, by attempting to garner the defendants' waiver of service, and by locating and hiring a company specializing in service of process through the Hague Convention.*** The Court also concludes that Vinewood has

established a reasonable basis for its failure to accomplish service by 22 September 2006.

But even if Vinewood has not established good cause, the Court is still free "to extend the time for service when a plaintiff fails to show good cause." . . . The record clearly shows that Vinewood has not been completely dilatory in its efforts to serve the defendants and it shows that Vinewood has already expended considerable expense in attempting to serve the defendants in accordance with the Hague Convention. Thus, even if Vinewood fails to establish good cause, the Court would still exercise its discretion and grant Vinewood its requested extension of time.

*Id.* (emphasis added) (citations omitted).

Here, as in *Vineland*, the Foreign Defendants have offered no explanation for their refusal to make themselves amenable to service in this action. Plaintiffs submit that, in light of the fact that the Foreign Defendants did authorize counsel to accept service in the Securities Action, their refusal to do so here, without explanation, militates strongly in favor of extending Plaintiffs' time to effect service. In addition, the reasonable delay necessarily caused by the need to identify and retain a company capable of effecting service of process in the PRC pursuant to the Hague Convention also contravenes the Foreign Defendants' assertion that Plaintiffs have been dilatory.

Furthermore, because the Foreign Defendants are already before this Court in the Securities Action, it is clear they will suffer no prejudice if the Court permits Plaintiffs additional time to effect Hague Convention service of process. *Cf. Bunim v. Karla*, Case Nos. 05-CV-1562-74 (KMK), 2006 U.S. Dist. LEXIS 50309, *8 (S.D.N.Y. July 24, 2006) (among the factors considered by the courts in determining whether to exercise discretion to extend the time to effect service under Rule 4(m) is whether defendants would be prejudiced); *see also United States v. McLaughlin,* 470 F.3d 698, 701 (7th Cir. 2006) ("When delay in service causes zero prejudice to the defendant or third parties (or the court itself), the granting of extensions of time for service, whether before or after the

120-day period has expired, cannot be an abuse of discretion.") (citations omitted).

Here, that the Foreign Defendants will sustain no prejudice if this motion is granted is

demonstrated by the fact that Plaintiffs can simply re-file their claims against the Foreign

Defendants if this motion is denied.  In *AIG Managed Mkt. Neutral Fund v. Askin Capital*

*Mgmt.*, L.P., 197 F.R.D. 104 (S.D.N.Y. 2000), the court noted in the context of Fed. R.

Civ. P. 4(m), that where, as here, the statute of limitations has not expired:

> a discretionary extension of time to serve would be warranted because no
> useful purpose would be served by dismissing the complaint.  .  .  .
> Presumably the only result of a dismissal would be that the . . . Plaintiffs
> would refile their complaint, resulting in a waste of judicial resources.

*Id.* at 109.

In addition, the *Bunim* court stated that another factor considered by the courts in

deciding whether to extend time for service under Rule 4(m) is whether defendants have

actual notice of the claims.  2006 U.S. Dist. LEXIS 50309, *8; *see also Comverse*, 543 F.

Supp. 2d at 146 (same); *AIG*, 197 F.R.D. at 109 (same) (citing Advisory Committee

Notes to Fed. R. Civ. P. 4(m)).   Here, there can be little doubt that the Foreign

Defendants have such notice based upon the discussion of these derivative actions in the

Company's annual report for the fiscal year ended December 31, 2010, filed with the

SEC on March 16, 2011.   *See* Supp. Decl., Ex. L.   In addition, CNEP's counsel has

appeared on behalf of the Foreign Defendants in both this action and the Securities

Action, which involves the same parties and underlying facts as the claims asserted in the

Amended Complaint. *See e.g., Bunim*, 2006 U.S. Dist. LEXIS 50309 at *12 (granting

discretionary extension of time to serve because "[w]hile some of the individually named

Defendants may not have had notice, the City has had actual notice of the filing of

Plaintiffs' claims against them as early as November 29, 2004, when Plaintiffs filed their

Notices of Claim. Additionally, counsel for Plaintiffs and the City appeared at a March 24, 2005 conference before the Court where service of process was discussed.").

Because any purported delay in effecting service in the PRC pursuant to Hague Convention was due to Plaintiffs' reasonable efforts to consolidate the actions and file an amended consolidated pleading, as well as the Foreign Defendants steadfast refusal to make themselves amenable to service other than through the Hague Convention, and because the Foreign Defendants, who have actual notice of the claims against them, will sustain no prejudice if Plaintiffs are permitted additional time to effect service under the Hague Convention, Plaintiffs respectfully submit that the Court should exercise its discretion to permit Plaintiffs to continue their efforts to effect service on the Foreign Defendants.

### C.   The Court's Determination Regarding Bruce Does Not Preclude Finding The Foreign Defendants Liable

CNEP also argues that granting Plaintiffs' motion would be futile because the Court has already determined that the allegations of the Amended Complaint do not adequately allege breach of fiduciary duty or satisfy the Nevada exculpatory statute, and the allegations against the Foreign Defendants "in all material respects are identical to allegations against Mr. Bruce." CNEP Br. At 17-19. This assertion is a gross mischaracterization of the allegations of the Amended Complaint.[7]

---

[7]      CNEP also misstates the relief sought by Bruce in his motion.  CNEP Br. at 16-17.  While CNEP asserts that Bruce sought dismissal of the entire action by his motion (*id.*), the concluding line of the memorandum of law submitted in support of that motion plainly states "[f]or all the foregoing reasons, the Complaint's ***claims against Defendant Robert C. Bruce*** should be dismissed." *See* Memorandum of Law in Support of Defendant Robert C. Bruce's Motion to Dismiss, filed on April 20, 2011, at 13.

Plaintiffs alleged that it was Mr. Bruce who recommended that the CNEP Board of Directors (the "Board") undertake additional investigation, based on the results of a forensic accounting report, to determine if the Company had violated the Foreign Corrupt Practices Act (the "FCPA").  *See* Amended Complaint, ¶¶ 16, 126-27.  Conversely, Plaintiffs allege that the other members of the Board rejected that recommendation (*id*., ¶¶ 17, 128), prompting Bruce to resign from the Board. *Id*., ¶¶ 18, 131-32.  The key allegations of the Amended Complaint underscore the vast difference in the level of culpability asserted with respect to Mr. Bruce and the remainder of the Board.

Indeed, counsel for Mr. Bruce underscored these differences during the argument on the motion to dismiss:

> While the complaint may allege misstatements it has no facts, let alone particular facts, that Mr. Bruce intentionally or knowingly permitted any misstatements. Indeed, your Honor, of all of the defendants, the individual defendants they've managed to serve, they've picked ***Mr. Bruce who is living proof of the adage that no good deed goes unpunished, because if anything the complaint alleges the opposite of any misconduct*** by pointing to steps that Mr. Bruce took when he learned of possible questions about the finances of the company, including commissioning a forensic audit and taking further steps as a result of that. Those are the opposite of what the plaintiff would have to prove in order to show this demanding standard of intentional misconduct, fraud or a knowing violation of law.

Supp. Decl. Ex. K at 5:1-13 (emphasis added).

Thus, in addition to the allegations cited by CNEP (CNEP Br. at 18), the Amended Complaint alleges that the Board, with the exception of Mr. Bruce, failed to inform itself and/or act upon the credible information contained in the forensic accounting report and as recommended by. Bruce.  *See* Amended Complaint, ¶ 140.  This constitutes a separate breach of fiduciary duty committed by all members of the Board –

***except for Mr. Bruce***.  Because the allegations against them differ materially from the allegations against Mr. Bruce, the Foreign Defendants cannot now attempt to bootstrap the dismissal of those claims into a judicial determination that the claims against the entire Board have also necessarily been found to lack merit based solely upon the Court's dismissal of the claims against Bruce.

The material differences in the allegations asserted against Bruce and those asserted against the Foreign Defendants also undermine CNEP's argument that Plaintiffs would be barred by collateral estoppel or *res judicata* if they were to re-file their action against the Foreign Defendants.  Even CNEP acknowledges that these doctrines are applicable only where "the issues litigated in this action are identical to those that would be litigated against the Foreign Defendants in any new action . . . ."  CNEP Br. at 20.  A fair reading of the Amended Complaint allegations against Bruce and those against the Foreign Defendants demonstrates that the factual issues to be litigated with respect to the Foreign Defendants are materially different, and, indeed, more expansive, than those litigated in connection with Bruce's motion.  Accordingly, this argument should also be rejected.[8]

---

[8]      To the extent that CNEP argues that its undecided motion to dismiss on demand futility grounds would require dismissal of the claims against the Foreign Defendants, rendering Plaintiffs' Rule 59(e) motion futile (CNEP Br. at 19), this assertion should be rejected as nothing more than conjecture.

## CONCLUSION

For the foregoing reasons, and the reasons stated in their opening memorandum, Plaintiffs respectfully request that the Court alter or amend the Judgment solely to afford Plaintiffs a reasonable opportunity to effect service upon defendants Wang Hongjun, Zhang Yang Dio, Ju Guizhi, Yu Liguo, Edward Rule, Ruishi Hu, and Li Jingfu.

Dated: Garden City, New York
June 28, 2011

**RIGRODSKY & LONG, P.A.**

__/s/ Timothy J. MacFall___
Seth D. Rigrodsky
sdr@rigrodskylong.com
Timothy J. MacFall
tjm@rigrodskylong.com
585 Stewart Ave., Suite 304
Garden City, NY 11530
Telephone: (516) 683-3516
Facsimile: (302) 654-7530

*Lead Counsel for Plaintiffs*

**THE WEISER LAW FIRM, P.C.**
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone:  (610) 225-2677
Facsimile:  (610) 225-2678

**COHEN MILSTEIN SELLERS & TOLL PLLC**
RICHARD A. SPEIRS
88 Pine Street, 14th Floor
New York, NY 10005
Telephone:  (212) 838-7797
Facsimile:  (212) 838-7745

15

**SCHUBERT JONCKHEER & KOLBE LLP**
ROBERT C. SCHUBERT
WILLEM F. JONCKHEER
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone:  (415) 788-4220
Facsimile:  (415) 788-0161

**AARON DARSKY, P.C.**
AARON H. DARSKY
345 Franklin Street, Suite 103
San Francisco, CA 94103
Telephone:  (417) 515-4220
Facsimile:  (877) 591-2880

*Plaintiffs' Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I, Timothy J. MacFall, hereby certify that I caused a true and correct copy of the

foregoing to be served by ECF and email addressed to:

Michael  J. Coffino
THE CRONE LAW GROUP
101 Montgomery Street, Suite 2650
Sand Francisco, CA 94104
Tel.: (415) 955-8900
Email: mcoffino@cronelaw.com

Lawrence Victor Brocchini
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, NY 10022
Tel.:(212)702-8100
Email: lbrocchini@rpl-law.com

*Attorneys for Nominal Defendant*
*China North East Petroleum Holdings Limited*

Edwin G. Schallert
DEBEVOISE & PLIMPTON, LLP
919 Third Avenue,31st Floor
New York, NY 10022
Tel.: (212) 909-6000
Email: egschallert@debevoise.com

*Attorney for Defendant Robert C. Bruce*

on this 28th day of June, 2011, prior to noon (12:00 p.m. EDT).

__*/s/ Timothy J. MacFall* __