```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
JUDITH STRICKLAND, Derivatively On
Behalf of Nominal Defendant CHINA
NORTH EAST PETROLEUM HOLDINGS
LIMITED,

                Plaintiff,              MEMORANDUM OPINION

       -against-                        10 Civ. 5445 (MGC)


WANG HONGJUN, YU LIGUO, ROBERT C.
BRUCE, EDWARD M. RULE, LI JINGFU,
ZHANG YANG DIO, JU GUIZHI,

                Defendants,

       -and-

CHINA NORTH EAST PETROLEUM
HOLDINGS LIMITED,

                Nominal Defendant.
-------------------------------------X

SHERWIN DROBNER,

                Plaintiff,

       -against-                        10 Civ. 6319 (MGC)


WANG HONGJUN, ROBERT C. BRUCE,
EDWARD M. RULE, LI JINGFU, YU LIGUO,
JU GUIZHI, ZHANG YANG DIO,

                Defendants,

       -and-

CHINA NORTH EAST PETROLEUM
HOLDINGS LIMITED,

                Nominal Defendant.
```

```
------------------------------------X

JONO NICOLN, derivatively on behalf of
CHINA NORTH EAST PETROLEUM
HOLDINGS LIMITED,

                Plaintiff,

        -against-                        10 Civ. 6344 (MGC)


WANG HONGJUN, ZHANG YANG DIO, JU
GUIZHI, YU LIGUO, ROBERT BRUCE,
EDWARD RULE, RUISHI HU, and LI
JINGFU,

                Defendants,

        -and-

CHINA NORTH EAST PETROLEUM
HOLDINGS LIMITED,

                Nominal Defendant.

------------------------------------X
```

**Cedarbaum, J.**

Plaintiffs Judith Strickland, Sherwin Drobner, and Jono Nicoln move under Fed. R. Civ. P. 59(e) to alter or amend the judgment entered on May 27, 2011, in each of these related shareholder derivative actions. After hearing argument on May 26, 2011, on a motion to dismiss the complaints filed by defendant Robert Bruce and nominal defendant China North East Petroleum Holdings Ltd., I dismissed the claims against Bruce for failure to state a claim upon which relief can be granted.

Because none of the other named defendants had been served with a summons and complaint, the actions were dismissed in their entirety after Bruce's motion was granted.  On June 1, 2011, plaintiffs filed this Rule 59(e) motion arguing that they should be permitted further time to effect service on the named defendants whom they had never served.

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Plaintiffs do not point to any such overlooked law or evidence.  Instead, they use Rule 59(e) as a request for an extension of time to serve the defendants that have never been served.

In any event, it would be futile to extend the time for service if the complaint does not state a viable claim.  Fed. R. Civ. P. 23.1(b)(3) requires that when a shareholder brings a derivative action on behalf of the corporation without first demanding corrective action from the corporation's directors, the complaint must state with particularity the reasons for not making the effort.  In moving to dismiss the complaint, Bruce and China North argued that plaintiffs do not allege a valid basis for demand futility.  Because plaintiffs' failure to serve

3

all defendants other than Bruce provided an independent ground for dismissal, I did not reach that issue in my May 26, 2011 order.  But, in light of plaintiffs' application for an extension of time to effect service, I now rule that demand was not excused and that plaintiffs therefore lack standing to bring these shareholder derivative actions.

The substantive law of demand futility is supplied by the state of incorporation, RCM Sec. Fund, Inc. v. Stanton, 928 F.2d 1318, 1330 (2d Cir. 1991), which in this case is Nevada.  Under Nevada law, "[a] shareholder's failure to sufficiently plead compliance with the demand requirement deprives the shareholder of standing and justifies dismissal of the complaint for failure to state a claim upon which relief may be granted."  Shoen v. SAC Holding Corp., 122 Nev. 621, 634, 137 P.3d 1171, 1180 (2006).  The Supreme Court of Nevada has explicitly adopted the standards that the Delaware Supreme Court has developed for assessing demand futility.  Id. at 641, 137 P.3d at 1184.  Under those standards, demand will not be excused unless

> particularized facts demonstrate: (1) in those cases in which the directors approved the challenged transactions, a reasonable doubt that the directors were disinterested or that the business judgment rule otherwise protects the challenged decisions; or (2) in those cases in which the challenged transactions did not involve board action or the board of directors has changed since the transactions, a reasonable doubt that the board can impartially consider a demand.

Id.

Plaintiffs assert several reasons for excusing them from making a demand on the board. First, they argue that demand futility can be inferred from the board's rejection of Bruce's July 22, 2010 recommendation to investigate the possibility that China North might have violated the Foreign Corrupt Practices Act or made additional accounting misstatements besides those that had already been discovered. In that recommendation, Bruce acknowledged that he was not aware of any particular violation or misstatement. He also conceded that his suggested course of action would further delay China North's SEC filings and prompt NYSE AMEX to delist China North's stock. Nevertheless, Bruce maintained that the additional investigations were necessary precautions in order to state confidently that no violations or misstatements existed. According to the complaint, the board declined to follow Bruce's recommendation.[1]

Plaintiffs aver that if Bruce could not persuade the board to take action, no reasonable shareholder could believe the same board would respond to a presuit demand. But the test for demand futility is not whether a shareholder reasonably expects the board to refuse a demand, but rather whether there is reasonable doubt as to the board's impartiality to consider a

---

[1] China North disputes this allegation and has submitted evidence showing that the board was in fact prepared to consider Bruce's recommendation at the next board meeting. Nevertheless, at this stage of litigation, I assume the truth of the complaint's factual allegations.

demand.  Id.  The board's alleged response to Bruce's recommendation does not create any such reasonable doubt.  China North had already undertaken an investigation into its accounting and internal controls.  In addressing the board, Bruce conceded that this investigation did not uncover any unlawful conduct.  Thus, this is not an instance of a board disregarding red flags.  On the contrary, the board commissioned a forensic audit and then acted on the auditor's findings.  Although Bruce may have been a more zealous investigator than his co-directors, the board was within its discretion to determine that the cost of additional investigation outweighed the benefits.

Second, plaintiffs contend that a majority of directors were interested in avoiding personal liability.  Yet "interestedness because of potential liability can be shown only in those rare cases where defendants' actions were so egregious that a substantial likelihood of director liability exists."  Id. at 640, 137 P.3d at 1183-84 (internal brackets, quotation marks, and ellipsis omitted).  Moreover, Nevada law exculpates directors and officers from individual liability to the corporation or its stockholders except in instances of intentional misconduct, fraud, or a knowing violation of law.  Nev. Rev. Stat. § 78.138(7)(b).  Plaintiffs' allegations do not

suggest the possibility, let alone a substantial likelihood, of intentional misconduct, fraud, or a knowing violation of law.

Third, plaintiffs assert that two inside directors, Wang and Li, and two outside directors, Hu and Rule, were financially interested. Yet the only particularized facts in support of this assertion relate to Wang and Li. Because Wang and Li are a minority of China North's five-member board, these allegations are insufficient to suggest that a majority of directors were too interested to consider a demand impartially.

Fourth, plaintiffs argue that the board was beholden to Wang by virtue of his approximately 25% interest in the company and therefore lacked independence. The complaint alleges that Wang's interest constituted a plurality of outstanding shares but does not elaborate on how that fact would have influenced the other directors. Even a majority stockholder's controlling interest does not in itself defeat the presumption of director independence. See Beam v. Stewart, 845 A.2d 1040, 1054 (Del. 2004) (holding that Martha Stewart's 94% interest in the corporation whose board she chaired was insufficient to excuse demand because "[a] stockholder's control of a corporation does not excuse presuit demand on the board without particularized allegations of relationships between the directors and the controlling stockholder demonstrating that the directors are beholden to the stockholder.").

Finally, plaintiffs allege that family members comprised a majority of the board since both Wang's mother and brother-in-law were directors.  But "to show partiality based on familial relations, the particularized pleadings must demonstrate why the relationship creates a reasonable doubt as to the director's disinterestedness."  <u>Shoen</u>, 122 Nev. at 639, n.56, 137 P.3d at 1183, n.56.  The complaint contains no such particularized pleadings.

For the foregoing reasons, any extension of time to effect service would simply postpone an eventual dismissal for failure to state a claim upon which relief can be granted.  Accordingly, plaintiffs' motion is denied.

SO ORDERED.

Dated:   New York, New York
         July 8, 2011

                                    S/_____
                                       MIRIAM GOLDMAN CEDARBAUM
                                       United States District Judge